## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | |
|---|---|
| MARISOL MARES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | Hon. _____ |
| ) | |
| PRESCIENT EDGE HOLDINGS, LLC, ) | |
| BRADLEY BEILE, in his official ) | **JURY TRIAL DEMANDED** |
| capacity, and ERIK HEITMAN, individually and in ) | |
| his official capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

NOW COMES Plaintiff, MARISOL MARES, by and through her attorneys, PAVICH LAW GROUP, P.C., and complaining against Defendants, PRESCIENT EDGE HOLDINGS, LLC, BRADLEY BEILE, in his official capacity, and ERIK HEITMAN, individually and in his official capacity, states as follows:

## INTRODUCTION

This is an action for racial discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., arising from Plaintiff's employment with Defendant, PRESCIENT EDGE HOLDINGS, LLC, which ended on February 27, 2017.

## JURISDICTION

1. Jurisdiction in this matter is asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1). This section reads, in relevant part:

1

"it shall be an unlawful employment practice for an employer [. . .] to discriminate against any individual with respect to [her] compensation, terms, privileges of employment, because of such individual's race, color, religion, sex, or national origin."

## VENUE

2. Venue is asserted under 42 U.S.C. §2000e-5(f)(3).This section reads, in relevant part:

"Such an action may be brought in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, [or] in the judicial district in which the employment records relevant to such practice are maintained [. . . ]."

3. Defendant, PRESCIENT, is headquartered within this judicial district (the Northern District of Illinois) with its principal place of business located at 130 E. Randolph Street, Suite 3100, Chicago, Illinois 60601, and, as is further alleged below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

4. The unlawful employment practices alleged herein were committed by Defendants within this judicial district at the above address for PRESCIENT headquarters.

## PARTIES

**Plaintiff**

5. At all times relevant to this action, Plaintiff, MARISOL MARES, was a female citizen of the United States of Hispanic descent and a resident of Cook County, Chicago, Illinois. Plaintiff served as an accountant for PRESCIENT from November 2016 through February 27, 2017 when she tendered her resignation, working as an employee of Defendant, PRESCIENT, within the meaning of 42 U.S.C. §2000e *et seq*. Plaintiff resides at 6603 West 64th Place in Chicago, Illinois.

**Defendants**

6.  Defendant, PRESCIENT EDGE HOLDINGS, LLC ("PRESCIENT"), is a global risk management, intelligence, and technology company with its headquarters and principal place of business located at 130 East Randolph Street, Suite 3100, Chicago, Illinois 60601. Defendant PRESCIENT is an employer within the meaning of 42 U.S.C.A. §2000e-(b).

7.  Defendant, BRADLEY BEILE, upon information and belief, resides at 1143 Woodbine Avenue, Oak Park, Illinois 60302. At all relevant times herein, BRADLEY BEILE has been employed by Defendant PRESCIENT, most recently as the Chief Financial Officer and a member of the firm's executive management committee. BRADLEY BEILE works out of the Prescient office located at 130 East Randolph Street, Suite 3100, Chicago, Illinois 60601. As Plaintiff's supervisor, BRADLEY BEILE had the power to make personnel decisions regarding Plaintiff MARISOL MARES' employment.

8.  Defendant, ERIK HEITMAN, upon information and belief, resides at 6031 N. Marmora Avenue, Chicago, Illinois 60646. At all relevant times herein, ERIK HEITMAN has been employed by Defendant PRESCIENT, most recently as the Corporate Controller. ERIK HEITMAN works out of the Prescient office located at 130 East Randolph Street, Suite 3100, Chicago, Illinois 60601. As Plaintiff's supervisor, ERIK HEITMAN had the power to make personnel decisions regarding Plaintiff MARISOL MARES' employment.

**FACTS COMMON TO ALL CLAIMS**

9.  Plaintiff, MARISOL MARES, a Hispanic female, began working as an accountant for Defendant, PRESCIENT, in November of 2016. Plaintiff worked alongside a colleague, another Hispanic female who was also an accountant.

10. Plaintiff's position required her to report directly to the Corporate Controller, Defendant ERIK HEITMAN, who initially reviewed her resume and hired her.

11. Defendant, ERIK HEITMAN, frequently spoke with Plaintiff in a personal and flirtatious manner, both in person and through the employee chat network. He also spoke this way to Plaintiff's Hispanic colleague.

12. On multiple occasions, Defendant ERIK HEITMAN sent a "kissing emoticon" (an animated face with lips pursed into a kiss) to Plaintiff via the company's chat network. One such message stated, "I love women, especially ethnic ones [kissing emoticon]" (See chat excerpt from January 19, 2017, Exhibit A).

13. Defendant, ERIK HEITMAN, reiterated his predilection for Hispanic women when he told Plaintiff and her colleague that he wanted to only review resumes for Hispanic females for any open positions.

14. When Defendant, ERIK HEITMAN, would overhear Plaintiff speaking in Spanish, he would remark, "that's hot" and make other comments about her language. He would tell Plaintiff and her colleagues that he wanted to "charm the girls" (referring to Plaintiff and her coworkers) by speaking Spanish to them.

15. Defendant, ERIK HEITMAN, told Plaintiff that he "did a favor for [her]" in giving her a job, and frequently asserted a role of dominance over Plaintiff, reminding her often that she was his "subordinate" and that she should call him "Boss." He would also refer to the women in the office collectively as "girls" and other diminutive female monikers.

16. Defendant, ERIK HEITMAN, frequently invaded Plaintiff's personal space at her workstation, often performing various stretches and bending over in Plaintiff's workstation which displayed his buttocks prominently. When he did this, he would ask Plaintiff, "Do you like

4

my glutes[1]?" and "My old employees never liked me talking about my glutes" as he was bent over.

17. Defendant, ERIK HEITMAN, would frequently use sexual innuendo and a sensual tone of voice to comment on office objects euphemistically, saying things like "Can I touch your mouse?" as he stood near Plaintiff in her workspace.

18. Plaintiff was aware of Defendant, ERIK HEITMAN's, inappropriate conduct with her Hispanic colleague. Defendant, ERIK HEITMAN, searched the Internet for personal photos of the colleague and would refer to her by her social media handle "Sweet Face" in the workplace and via the company chat network. Plaintiff and her colleague discussed how to adjust the colleague's Privacy Settings so as to avoid being contacted by him on social media. Defendant, ERIK HEITMAN, would also text message the colleague outside of work hours, including late at night, with personal messages that she showed to Plaintiff at the office. One such message stated: "I know this is inappropriate, but you smell good."

19. Defendant, ERIK HEITMAN, would comment daily on Plaintiff's appearance and comment on the appearance of other women in the office, remarking on body shape and clothing choice either favorably or critically. In Plaintiff's presence, Defendant, ERIK HEITMAN, would make it obvious through facial expressions and gestures that he was watching other women from behind as they walked away, commenting on the shape of their backsides. If he enjoyed watching a certain woman, he would often remark, "She's a babe."

20. Defendant, ERIK HEITMAN, frequently pressured Plaintiff to travel with him to various destinations. He would tell her: "If we took a trip together, I will pay for it. It just has to be somewhere fun." On one occasion, when she expressed discomfort at the idea of

---

[1] A shortening of gluteus maximum, or buttocks area.

accompanying him to Washington D.C., Defendant ERIK HEITMAN told Plaintiff "Come on, let's go to D.C. We don't have to tell your husband." Based on the context, Plaintiff understood Defendant ERIK HEITMAN's requests to travel with him as invitations to have an extramarital affair.

21. Defendant, ERIK HEITMAN, used romantic symbols on work documents, such as signing off on a Journal Entry Edit Report with a heart drawn around the date. (See Report of 1/9/17, Exhibit B).

22. Plaintiff became increasingly uncomfortable as the harassment continued, and she filed a complaint with the Human Resources department for Defendant, PRESCIENT. Both Defendants ERIK HEITMAN and BRADLEY BEILE were informed of her complaint.

23. Following Plaintiff's complaint to Human Resources, Defendant, PRESCIENT, indicated that Plaintiff would no longer have to report to Defendant, ERIK HEITMAN; however, this was not the case. Plaintiff continued working directly under Defendant, ERIK HEITMAN. Much to Plaintiff's embarrassment, she was subjected to having all her e-mail communications with ERIK HEITMAN monitored by the Prescient Chief Financial Officer, Defendant BRADLEY BEILE.

24. Although Defendant BRADLEY BEILE assured Plaintiff that Defendant, ERIK HEITMAN was no longer supervising her, Defendant, ERIK HEITMAN, continued giving assignments and direction to Plaintiff, and even reminded her that she was "still his subordinate."

25. Following her complaint to Human Resources, Plaintiff experienced a change in her workload, and she noticed that assignments that typically would have been given to her were being given largely to others. Defendants, ERIK HEITMAN and BRADLEY BEILE, also began questioning her work abilities, warning her to "be discreet" on routine assignments.

26.     Plaintiff began to experience extreme anxiety and physical symptoms due to her employment with Defendant, PRESCIENT, and due to her interactions with Defendants, ERIK HEITMAN and BRADLEY BEILE. She would frequently have stomachaches and would often vomit in the morning before work. She would also routinely have panic attacks outside the office immediately prior to beginning work in the morning.

27.     When Plaintiff complained directly to Defendant, BRADLEY BEILE, her complaints were met with resistance and skepticism. Defendant, BRADLEY BEILE, assured Plaintiff that Defendant, ERIK HEITMAN, was a "great employee" and would not legitimize her complaints. On February 24, 2017, Plaintiff and Defendant, BRADLEY BEILE, engaged in a heated discussion regarding the hostile workplace and sexual harassment, during which Defendant, BRADLEY BEILE, repeatedly defended Defendant, ERIK HEITMAN and was unsympathetic toward Plaintiff, even shouting at her during the discussion.

28.     On February 27, 2017, Plaintiff tendered her resignation to the Director of Business Operations, Jay Connolly. Her e-mail and resignation letter sent to Mr. Connolly are attached hereto as Group Exhibit C.

29.     Plaintiff filed a timely charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Suit Rights, issued by the EEOC on March 9, 2017 and received by Plaintiff on March 11, 2017, a true and accurate copy of which is attached hereto as Exhibit D. *See* 42 U.S.C. §2000e-5(f).

# CAUSES OF ACTION

## COUNT I: SEXUALLY HOSTILE WORK ENVIRONMENT AGAINST ERIK HEITMAN, individually and in his official capacity

30. Plaintiff realleges each and every matter contained in the previous paragraphs of this Complaint and further states and alleges as follows:

31. Plaintiff belongs to a protected class as a Hispanic female.

32. Plaintiff was subjected to unwelcome sexual harassment, including sexual advances, sexually suggestive electronic communication, second-hand harassment of her colleagues done in her presence and/or with her knowledge, and verbal and physical conduct of a sexual nature perpetrated by Defendant, ERIK HEITMAN.

33. Plaintiff has been the victim of unlawful discriminatory conduct in the workplace. Plaintiff was unlawfully subjected to disparate treatment and suffered adverse employment actions by Defendant, ERIK HEITMAN, which ultimately led to her resignation. This conduct was based upon and directed at Plaintiff by reason of her sex. These employment actions were unlawful in violation of Title VII, 42 U.S.C. 2000e-2(a)

34. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance, and mental state thus creating an intimidating, hostile, and offensive working environment.

35. Plaintiff has been made to suffer embarrassment, humiliation, mental anguish and emotional distress, loss of employment, loss of wages and benefits, and physical illness as the direct and proximate result of Defendant's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by Title VII and 42 U.S.C. §1981a, including actual damages, compensatory damages, punitive damages, and attorney's fees.

## COUNT II: SEXUALLY HOSTILE WORK ENVIRONMENT AGAINST PRESCIENT EDGE HOLDINGS, LLC AND BRADLEY BEILE in his official capacity

36. Plaintiff realleges each and every matter contained in the previous paragraphs of this Complaint and further states and alleges as follows:

37. Plaintiff belongs to a protected class as a Hispanic female.

38. Plaintiff was subjected to unwelcome sexual harassment, including sexual advances, sexually suggestive electronic communication, second-hand harassment of her colleagues done in her presence and/or with her knowledge, and verbal and physical conduct of a sexual nature perpetrated by Defendant, ERIK HEITMAN.

39. Plaintiff has been the victim of unlawful discriminatory conduct in the workplace. Plaintiff was unlawfully subjected to disparate treatment and suffered adverse employment actions by Defendant, ERIK HEITMAN, which ultimately led to her resignation. This conduct was based upon and directed at Plaintiff by reason of her sex. These employment actions were unlawful in violation of Title VII, 42 U.S.C. 2000e-2(a)

40. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance, and mental state thus creating an intimidating, hostile, and offensive working environment.

41. Defendants PRESCIENT and BRADELY BIELE, in his official capacity, were put on notice of the sexually inappropriate conduct of their employee, ERIK HEITMAN, and failed to take appropriate corrective action, even worsening the situation, all to Plaintiff's detriment. Defendants PRESCIENT and BRADELY BIELE, in his official capacity, acquiesced the behavior of ERIK HEITMAN at all stages of Plaintiff's employment.

42. Defendants PRESCIENT and BRADELY BIELE, in his official capacity failed to adequately supervise, control, discipline and/or otherwise penalize the conduct and actions of its employee, ERIK HEITMAN, as described above.

43. Plaintiff has been made to suffer embarrassment, humiliation, mental anguish and emotional distress, loss of employment, loss of wages and benefits, and physical illness as the direct and proximate result of Defendants' violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by Title VII and 42 U.S.C. §1981a, including actual damages, compensatory damages, punitive damages, and attorney's fees.

**COUNT III: RACIALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e. et seq. AGAINST ERIK HEITMAN, individually and in his official capacity**

44. Plaintiff realleges each and every matter contained in the previous paragraphs of this Complaint and further states and alleges as follows:

45. Plaintiff belongs to a protected class as a Hispanic female.

46. Plaintiff was subjected to unwelcome racial remarks of both a sexual and non-sexual nature and subjected to racial remarks directed at others and made in her presence; all perpetrated by her supervisor and Defendant herein, ERIK HEITMAN.

47. Plaintiff has been the victim of unlawful discriminatory conduct in the workplace. Plaintiff was unlawfully subjected to disparate treatment and suffered adverse employment actions by Defendant, ERIK HEITMAN, which ultimately led to her resignation. This conduct was based upon and directed at Plaintiff by reason of her race. These employment actions were unlawful in violation of Title VII, 42 U.S.C. 2000e-2(a)

48. This racially harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance, and mental state thus creating an intimidating, hostile, and offensive working environment.

49. Plaintiff has been made to suffer embarrassment, humiliation, mental anguish and emotional distress, loss of employment, loss of wages and benefits, and physical illness as the direct and proximate result of Defendant's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by Title VII and 42 U.S.C. §1981a, including actual damages, compensatory damages, punitive damages, and attorney's fees.

**COUNT IV: RACIALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e. et seq. AGAINST PRESCIENT EDGE HOLDINGS, LLC AND BRADLEY BEILE in his official capacity**

50. Plaintiff realleges each and every matter contained in the previous paragraphs of this Complaint and further states and alleges as follows:

51. Plaintiff belongs to a protected class as a Hispanic female.

52. Plaintiff was subjected to unwelcome racial remarks of both a sexual and non-sexual nature and subjected to racial remarks directed at others and made in her presence; perpetrated by her supervisor and Defendant herein, ERIK HEITMAN.

53. Plaintiff has been the victim of unlawful discriminatory conduct in the workplace. Plaintiff was unlawfully subjected to disparate treatment and suffered adverse employment actions by Defendant, ERIK HEITMAN, which ultimately led to her resignation. This conduct was based upon and directed at Plaintiff by reason of her race. These employment actions were unlawful in violation of Title VII, 42 U.S.C. 2000e-2(a)

54. This racially harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance, and mental state thus creating an intimidating, hostile, and offensive working environment.

55. Defendants PRESCIENT and BRADELY BIELE, in his official capacity, were put on notice of the racially inappropriate conduct of their employee, ERIK HEITMAN, and failed to take appropriate corrective action, even worsening the situation, all to Plaintiff's detriment. Defendants PRESCIENT and BRADELY BIELE, in his official capacity, acquiesced the behavior of ERIK HEITMAN at all stages of Plaintiff's employment.

56. Defendants PRESCIENT and BRADELY BIELE, in his official capacity failed to adequately supervise, control, discipline and/or otherwise penalize the conduct and actions of its employee, ERIK HEITMAN, as described above.

57. Plaintiff has been made to suffer embarrassment, humiliation, mental anguish and emotional distress, loss of employment, loss of wages and benefits, and physical illness as the direct and proximate result of Defendants' violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by Title VII and 42 U.S.C. §1981a, including actual damages, compensatory damages, punitive damages, and attorney's fees.

**COUNT V: RETALIATION**

58. Plaintiff realleges each and every matter contained in the previous paragraphs of this Complaint and further states and alleges as follows:

59. Defendants committed unlawful employment practices when they retaliated against Plaintiff and her efforts to oppose practices reasonably believed to be prohibited by Title VII, in violation of Title VII, 42 U.S.C. §2000e-3(a).

60. Plaintiff has been made to suffer embarrassment, humiliation, mental anguish and emotional distress, loss of employment, loss of wages and benefits, and physical illness as the direct and proximate result of Defendants' violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by Title VII, including actual damages, compensatory damages, punitive damages, and attorney's fees.

## COUNT IV: CONSTRUCTIVE DISCHARGE

61. Plaintiff realleges each and every matter contained in the previous paragraphs of this Complaint and further states and alleges as follows:

62. The harassment made Plaintiff's working conditions so severe that a reasonable person would have resigned. *See* Cf. Boumehdi v. Plastag Holdings, LLC, 489 F.3d 781 (7th Cir. 2007) (jury could find that a reasonable person had no choice but to resign after repeated of complaints of sexual harassment were ignored); *Patton v. Keystone RV Co*., 455 F.3d 812 (7th Cir. 2006) (sexual harassment sufficient to constitute constructive discharge).

63. Plaintiff has been made to suffer embarrassment, humiliation, mental anguish and emotional distress, loss of employment, loss of wages and benefits, and physical illness as the direct and proximate result of Defendants' violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future. Plaintiff is entitled to the rights and remedies at law provided by Title VII, including actual damages, compensatory damages, punitive damages, and attorney's fees.

## PRAYER FOR RELIEF AS TO ALL COUNTS

WHEREFORE, Plaintiff, MARISOL MARES, demands judgment against the Defendants, PRESCIENT EDGE HOLDINGS, LLC, BRADLEY BEILE, and ERIK HEITMAN,

in an amount in excess of the jurisdictional limits of this Court together with her costs herein incurred and expended and for such other and further relief as this Honorable Court deems just and reasonable.

                              PAVICH LAW GROUP, P.C.

                By:   /s/ Chaundre S. Hofstad (White)
                        One of Plaintiffs' Attorneys

Chaundre S. Hofstad (White)
Anastasia X. Pavich
PAVICH LAW GROUP, P.C.
30 West Monroe Street
Suite 1310
Chicago, Illinois 60603
(312) 690-8400

## JURY DEMAND

Plaintiff, MARISOL MARES, demands a jury of six persons on all claims stated herein.

Dated: June 1st, 2017
Chicago, Illinois